REQUESTED BY: Senator Loran Schmit Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Schmit:
This is in response to your letter of September 12, 1985. In that letter you ask "To what extent does the Crime Commission, by and through its Executive Director, control the operations or decision-making authority of the Jail Standards Board in light of the current statutory scheme and the legislative intent of LB 328?"
LB 328 was enacted in 1981. As you well know, it is our policy to provide legislators with opinions pertaining only to proposed or pending legislation, and not to provide opinions which interpret existing statutes. An exception to this policy is where the interpretation of the existing statutory law relates directly to the proposed legislation. We find that to be the case in this instance.
As a result of LB 328, Neb.Rev.Stat. § 81-1423
(Reissue 1981) provides that the Crime Commission shall have authority to "(15) Exercise budgetary and administrative control over the Crime Victim's Reparations Board and the Jail Standards Board; . . ." Neb.Rev.Stat. §83-4,124 (Reissue 1981) likewise provides that "To further such policy, the Jail Standards Board is hereby created. For administrative and budgetary purposes such board shall be within the Nebraska Commission on Law Enforcement and Criminal Justice." In addition, § 81-1425(2) (Reissue 1981) provides that the Executive Director of the Crime Commission shall "Establish a Jail Standards subdivision within the commission. . ." In conjunction with this Neb.Rev.Stat. § 83-4,131 (Reissue 1981) provides that "Personnel of the Nebraska Commission on Law Enforcement and Criminal Justice shall visit and inspect each criminal detention facility in the state for the purpose of determining the conditions of confinement, the treatment of prisoners, and whether such facilities comply with the minimum standards established by the board."
It seems reasonably clear from these statutes that the Crime Commission provides only budgetary and administrative control for the Jail Standards Board. Neb.Rev.Stat. § 81-1425(2) does not place the Jail Standards Board itself as a subdivision of the Crime Commission, but only places the prior staff of the Jail Standards Board under the Executive Director of Crime Commission. Thus, under § 83-4,131 it is now the staff of the Crime Commission which provides support to the Jail Standards Board. Apart from general budgetary and administrative control by the Crime Commission, which in particular includes control over the former staff of the Jail Standards Board by the Executive Director of the Crime Commission, the Jail Standards Board itself remains an autonomous board in terms of the exercise of its discretion and decision-making authority regarding its particular statutory duties. This interpretation would likewise appear to be consistent with the legislative history of LB 328.
We are not in a position to determine whether or not further statutory clarification is needed in regard to the respective roles and authority of the Crime Commission and the Jail Standards Board. This is a determination that should be made by the Legislature in coordination with the Crime Commission and the Jail Standards Board.
Very truly yours,
ROBERT M. SPIRE Attorney General
John Boehm